BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLDENDORFF CARRIERS GMBH & CO. KG

        Plaintiff,

    -against-

SIDOR, C.A.

        Defendant.

08 Civ.

**ORDER OF SEALING**

---

Upon reading the Declaration of LeRoy Lambert in support of Plaintiff's application to file under seal the Verified Complaint and all papers submitted with or upon Plaintiff's application for an Order for Issuance of Maritime Attachment and Garnishment pursuant to F. R. Civ. P. Supplemental Rule B, it is

ORDERED, pursuant to F. R. Civ. P. Rule 5.2(d) that the Complaint and all papers submitted with or upon Plaintiff's application for an Order for Issuance of Maritime Attachment and Garnishment shall be filed under seal and shall remain under seal until the further order of this Court and that an appropriately redacted Verified Complaint shall be filed with the Clerk of the Court, *and that appropriately redacted papers in connection with the Order for Issuance of Maritime Attachment also be filed with the Clerk of the Court*

Dated: June 13, 2008

                              _____
                              UNITED STATES DISTRICT JUDGE

*This Order and accompanying declaration can be filed under seal. So ordered. 6/13/08*

667664.00601/6646260v.1

BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLDENDORFF CARRIERS GMBH & CO. KG

          Plaintiff,

-against-

SIDOR, C.A.

          Defendant.

08 Civ.

**DECLARATION IN SUPPORT OF EX PART MOTION TO FILE PAPERS UNDER SEAL**

1. I, LeRoy Lambert, am a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff in this matter. This Declaration is submitted in support of Plaintiff's ex parte motion to file the Verified Complaint, Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment, and Order Appointing Process Server, and supporting Affidavits under seal, pursuant to F. R. Civ. P. Rule 5.2(d), and redacted papers with the Clerk of the Court.

2. This is an action to obtain a maritime attachment of the Defendant's assets, pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure. In particular, Plaintiff expects to attach electronic fund transfers to or from Defendant while such funds are in the custody of intermediary banks located in New York City. The amount sought to be attached is $19,845.083.67.

3. Applications for Rule B attachments are permitted to be made *ex parte* because it would be self-defeating to apprise a defendant of the pendency of an attachment action and thereby enable a defendant to keep its assets outside of the jurisdiction for the purpose of avoiding the attachment. In the case of electronic fund transfers, a defendant who is aware of an

attachment action can arrange to have funds transferred in the names of related companies in order to avoid the attachment.

4. Recently, a widely read international shipping trade publication, Tradewinds, www.tradewinds.no, has begun publishing articles about specific maritime attachment actions it considers to be of interest. Such filings are available to Tradewinds on the Court's on-line docket system, Pacer, as well as from an e-mail service that reports all new filings in this Court. Additionally, New York maritime lawyers subscribe to those e-mail reports, and often apprise clients or former clients of newly filed attachment actions against them.

5. In particular, Defendant is a significant Venezuelan steel company owned by an Argentine publicly-traded company, Ternium, S.A. (NYSE:TX), www.ternium.com, who is in contentious negotiations with the Government of Venezuela regarding the acquisition of Defendant by or on behalf of the present regime in Venezuela. Given the size of the claim and companies involved as well as the political context, I believe Tradewinds would in all probability report the filing of this Complaint.

6. Publication of specific attachment actions by Tradewinds and by the e-mail reporting service defeats the purpose of the *ex parte* nature of a maritime attachment action. Therefore, in order to avoid, or defer, giving Defendant notice of this action through such publication, in advance of the actual attachment of any property of Defendant (the process envisioned by Rule B), it is requested that the Complaint and all related documents in support of the application for an Order for the issuance of Process of Maritime Attachment and Garnishment be filed under seal and an appropriately redacted Verified Complaint with the Clerk of the Court.

7. It is requested that such documents remain under seal until such time as Defendant's funds are restrained and Plaintiff provides Defendant notice of such restraint pursuant to the requirements of Supplemental Rule B and Local Rule B.1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, N. Y. on June 13, 2008

                                                  LeRoy Lambert (LL-3519)