UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLDENDORFF CARRIERS GMBH & CO. KG<br><br>               Plaintiff,<br><br>     -against-<br><br>SIDOR, C.A,<br><br>               Defendant. | 08 Civ. 5446 (RPP)<br>ECF CASE<br><br>**ANSWER** |

      NOW COMES Defendant, Sidor, C.A. ("Sidor" or "Defendant"), by and through its attorneys, Squire, Sanders & Dempsey, L.L.P., answering the Verified Complaint ("Complaint") of Plaintiff Oldendorff Carriers GMBH & Co. KG ("Oldendorff" or "Plaintiff"), and respectfully alleges as follows:

      1.     Denies the "Owner's Claims," as first defined by Plaintiff in paragraph "22" of its Verified Complaint, is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but admits the remainder of the allegations set forth in paragraph "1" of the Complaint.

      2.     Admits that Plaintiff has a place of business at Willy-Brandt-Allee, 6 23554 Lübeck, Germany, but denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "2" of the Complaint.

      3.     Admits the allegations set forth in paragraph "3" of the Complaint.

      4.     Admits the allegations set forth in paragraph "4" of the Complaint.

      5.     Admits the allegations set forth in paragraph "5" of the Complaint.

6. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "6" of the Complaint.

7. Admits the allegations set forth in paragraph "7" of the Complaint.

8. Admits the allegations set forth in paragraph "8" of the Complaint.

9. Admits the allegations set forth in paragraph "9" of the Complaint.

10. Admits that the M/V New Navigation ("Vessel") was proceeding to Matanzas, Venezuela on July 20, 2007 with Sidor's cargo on board, but denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "10" of the Complaint.

11. Admits that the Vessel suffered physical damage, but denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "11" of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "12" of the Complaint.

13. Admits that some of Sidor's cargo was contaminated, but denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "13" of the Complaint.

14. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "14" of the Complaint.

15. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "15" of the Complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "22" of the Complaint.

23. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "23" of the Complaint.

24. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "24" of the Complaint.

25. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "27" of the Complaint.

28. Admits that the contract of affreightment between Plaintiff and Defendant dated June 6, 2007 ("COA"), speaks for itself with regard to a safe berth, but denies the remainder of the allegations set forth in paragraph "28" of the Complaint.

29. Admits that Sidor has a facility at Matanzas, but denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "29" of the Complaint.

30. Admits the allegations set forth in paragraph "30" of the Complaint.

31. Admits the allegations set forth in paragraph "31" of the Complaint.

32. The allegations in paragraph "32" of the Complaint are a legal statement to which no response is necessary. To the extent a response is necessary, the allegations are denied.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "34" of the Complaint.

35. Admits that under the COA, Sidor is obliged to pay Plaintiff legitimately verified and accurate demurrage for the amount of time that a vessel spends at the load port in excess of the time allowed to load and discharge cargo, but denies the remaining allegations set forth in paragraph "35" of the Complaint.

36. Admits that Sidor has not paid the demanded demurrage claim of $270,913.89 for the Vessel, but denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "36" of the Complaint.

37. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "37" of the Complaint.

38. Admits that the "Bunker/Hire Claim" of $419,932.78 is less than the $488,396 demanded by Plaintiff prior to this action, denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the replacement of bunkers and the overpayment of hire to non-party STX Pan Ocean Shipping Co. Ltd. ("Owner"), and denies the remaining allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Admits the allegations set forth in paragraph "41" of the Complaint.

42.     Denies the allegations set forth in paragraph "42" of the Complaint.

43.     Denies the allegations set forth in paragraph "43" of the Complaint.

44.     Denies the allegations set forth in paragraph "44" of the Complaint.

45.     Clause 19 of the COA speaks for itself with regard to arbitration, but to the extend a response is necessary, admits the allegations set forth in paragraph "45" of the Complaint.

46.     Section 30 of the Rules of the Society of Maritime Arbitrators, Inc. ("SMA"), speaks for itself with regard to security, but to the extent a response is necessary, admits the allegations set forth in paragraph "46" of the Complaint.

47.     Section 30 of the Rules of the SMA speaks for itself with regard to costs and attorneys' fees, but to the extent a response is necessary, admits the allegations set forth in paragraph "47" of the Complaint.

48.     The allegations in paragraph "48" of the Complaint are a legal statement with respect to 9 U.S.C. § 8 the reservation of rights, to which no response is necessary, except admit that Plaintiff has commenced arbitration in New York against Sidor and Sidor, in turn, has demanded arbitration against Plaintiff.

49.     Denies the allegations set forth in paragraph "49" of the Complaint.

50.     Denies the allegations set forth in paragraph "50" of the Complaint.

51.     Denies the allegations set forth in paragraph "51" of the Complaint.

52.     Denies the allegations set forth in paragraph "52" of the Complaint.

53.     Denies the allegations set forth in paragraph "53" of the Complaint.

54.     The allegations in paragraph "54" of the Complaint are a legal statement to which no response is necessary.

55. Admits that garnishee banks in this District have attached monies belonging to Defendant Sidor in connection with this action, but denies the remainder of the allegations set forth in paragraph "55" of the Complaint.

**FURTHER ANSWERING THE COMPLAINT, AND AS FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANT SIDOR STATES:**

56. The Complaint fails to state a cause of action upon which relief may be granted.

57. Sidor is not liable to Oldendorff on the causes of action alleged in the Complaint.

58. This Court lacks subject matter jurisdiction concerning the "Owner's Claims," as first defined by Plaintiff in paragraph "22" of the Complaint.

59. This Court lacks *in personam* jurisdiction over Sidor.

60. This Court lacks *quasi in rem* jurisdiction over Sidor.

61. Oldendorff has improperly and/or insufficiently served process on Sidor.

62. Oldendorff has improperly provided notice of attachments of Sidor's assets pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Local Rule B.2 of the Rules of this Court.

63. Oldendorff improperly sought an "Order of Sealing" pursuant to F. R. Civ. P. Rule 5.2(d), and other applicable Rules, at the commencement of this action.

64. Oldendorff's claims are barred by the equitable doctrine of unclean hands.

65. Any damages sustained by Oldendorff, as alleged in the Complaint, which are denied, were proximately caused by the acts of third persons over whom Sidor has no direction or control.

66. Oldendorff has failed to mitigate its damages or, in the alternative, has mitigated its damages so as to avoid its losses.

67.     This Answer is made without waiver of any of Sidor's jurisdictional defenses or rights to arbitrate that may exist or may be found to exist between or among the parties.

## RULE 44.1 NOTICE

Defendant Sidor hereby makes this notice in accordance with Federal Rule of Civil Procedure 44.1: Oldendorff has alleged that a Time Charter between it and Owners exists and provides for the application of English law and London arbitration for any disputes arising thereunder. Oldendorff further alleges that Sidor should have assumed Oldendorff's defense in the London arbitration between it and Owner (though, upon information and belief, it has yet to be commenced). Thus, Defendant Sidor provides notice of its intent to rely on English law as appropriate in this action.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant Sidor respectfully requests that this Court dismiss the Plaintiff's Complaint against it with prejudice and grant Sidor such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 29, 2008

SQUIRE, SANDERS & DEMPSEY, L.L.P.

By: /s/ Juan A. Anduiza
Juan A. Anduiza
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 407-0100
Fax: (212) 872-9815
E-mail: janduiza@ssd.com
*Attorneys for Defendant Sidor, C.A.*

Douglas Burnett
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 407-0100
Fax: (212) 872-9815
E-mail: dburnett@ssd.com
*Attorneys for Defendant Sidor, C.A.*

To:   LeRoy Lambert, Esq.
      Blank Rome LLP
      Chrysler Building
      24th Floor
      405 Lexington Avenue
      New York, NY 10174-0208
      Llambert@blankrome.com
      *Attorneys for Oldendorff Carriers GMBH & Co. KG*

**CERTIFICATE OF SERVICE**

The foregoing defendant's Answer was filed electronically this 29th day of August, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/ Juan A. Anduiza