UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OLDENDORFF CARRIERS GMBH & CO. KG,

                               Plaintiff,                    08 CV 5446 (RPP)

       - against -

                                                                 **OPINION AND ORDER**

SIDOR C.A.

                               Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      By way of an order to show cause signed by the Court on December 2, 2009, Defendant Sidor C.A. ("Sidor" or "Defendant") moved the Court for an order vacating the Rule B attachment in this matter or, in the alternative, reducing the amount of attached funds from approximately $20 million to approximately $1.9 million. Plaintiff Oldendorff Carriers GMBH & Co. KG ("Oldendorff" or "Plaintiff") responded to Sidor's application on December 7, 2009 and Sidor submitted a reply on December 9, 2009. The Court heard argument on December 10, 2009 and reserved decision.

      Since Decmember 10, 2009, the parties have since submitted numerous additional letters and provided the Court with additional briefs and transcripts from the underlying New York arbitration in support of their respective positions. By stipulation and order dated January 25, 2010, the parties agreed to release approximately $2.5 million from the funds currently restrained, reflecting the difference between the funds that were initially restrained and the Plaintiff's current, lower, calculation of its total damages. On January 27, 2010, the Court held a status conference in this matter and heard brief additional argument on Sidor's pending application.

After review of the materials submitted by the parties pertaining to the arbitration in New York, it is clear that in that arbitration, Oldendorff has put forward a claim that Sidor breached the safe port provision of the Contract of Affreightment ("COA") entered into between Oldendorff and Sidor, and Oldendorff is claiming damages from both lost profits and damage to the vessel as damages stemming from the breach of the COA. The latter component of damages – damages to the vessel – represents the lion's share of the approximately $17.3 million currently restrained, and Sidor seeks to reduce the amount of security by the amount Oldendorff has claimed as damage to the vessel. Sidor's primary argument is that claims for damages to the vessel are not a maritime claim, but rather a contingent liability claim because Oldendorff has not suffered any damages based on damage to the vessel and any actual damages Oldendorff suffers will be contingent on a London arbitration panel finding Oldendorff liable to the vessel's owner.

In the New York arbitration, Oldendorff has presented a claim for a breach of the COA that has already occurred and for which Sidor is presently liable under the COA. It is undisputed that the vessel ran aground and there is no dispute that the damage to the vessel occurred as a result of the grounding in the approach to the port specified in the COA. Therefore, the claim is not a contingent indemnity claim, but a contract claim. The claim is also ripe; in other words, while the precise measure of damages may be contingent, liability is not contingent.

Sidor asks this Court to determine that (i) as a matter of law, Oldendorff's damages claim for damage to the vessel is a contingent liability claim; and (ii) as a matter of law, a contingent liability claim is not a proper maritime claim to sustain a Rule B attachment. The Court declines to do so on the record before it at this point in the

proceedings. Oldendorff has clearly stated its position: that all its damages claims are based on a breach of the COA – a claim which is ripe and not contingent on any future events – and it is not the damage, but the precise amount of damages that Sidor owes Oldendorff under the COA that Oldendorff argues should be determined by the outcome in the London arbitration. (New York Arbitration Tr. Dec. 18, 2009 at 2049-50.) The New York arbitrators have not yet decided whether they should await the outcome of the London arbitration, which has been delayed, or whether they should hear evidence of damages in New York. Sidor wants this Court to decide now an evidentiary issue of the New York arbitration while that arbitration is still pending. Questions of whether certain theories of damages properly flow from the alleged breach of a maritime contract are questions that go to the merits of the arbitration. This Court will not second-guess the New York arbitration panel or intrude into its role as arbitrators in determining the scope of the evidence it will consider at this stage in the proceedings.

The cases relied on by Sidor do not compel a different conclusion. In Bottiglieri v. Tradeline, the court vacated a Rule B attachment, finding that under English law the claim was unripe and could not be the basis of a Rule B maritime attachment where plaintiff's claim was one for indemnification and not tied to a breach of a particular provision of a contract and where very little progress had been made on the underlying arbitrations in many years. Bottiglieri Di Na Vigazione Spa v. Tradeline LLC, 472 F. Supp. 2d 588 (S.D.N.Y. 2007). In, J.K. International v. Agriko, the court similarly found that an indemnity claim was unripe where "Plaintiff ha[d] not offered any evidence to show that the vessel owners were preparing a claim [against plaintiff]." J.K. Int'l, Pty., Ltd. v. Agriko S.A.S., No. 06-cv-13259 (KMK), 2007 WL 485435, at *4 (S.D.N.Y. Feb.

13, 2007). In CPM Corp. v. Prominent Shipping, the court again found an indemnity claim unripe where no action had been taken in either of two underlying arbitrations in over a year since the initiation of the arbitrations. CPM Corp. Ltd. v. Prominent Shipping Pte Ltd., No. 07-cv-552 (RWS), 2009 WL 3787380, at *1 (S.D.N.Y. Nov. 12, 2009). Each of these three cases is factually distinguishable from the instant case. Further, each case concludes that the underlying claim at issue was a claim for indemnity. In contrast, this Court concludes that Oldendorff's claim is one for present breach of the COA, where the damages for the breach of the COA may be – or may not be – measured in part by a future award in the London arbitration. Because this case does not involve a contingent indemnity claim, the Court need not decide whether the claim is sufficiently ripe to support a Rule B attachment as outlined in the three cases cited above. Finally, Plaintiff correctly notes that other decisions in this district have held that a claim for indemnity is a lawful maritime claim and can qualify for a Rule B attachment. See Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd., 485 F. Supp. 2d 399, 404 (collecting cases).

Sidor makes the further argument that, even if damages related to vessel damage are properly before the New York arbitration panel, Oldendorff has failed to put forth any evidence of the amount of damages. Sidor's position is without merit because it ignores the nature of Oldendorff's damages claims and again asks this Court to intrude on the role of the New York arbitration panel. Although Oldendorff has taken the position that the proper and most efficient determination of damages stemming from vessel damage is to find Sidor liable to Oldendorff for any amount for which Oldendorff is found liable to the vessel owner in the London arbitration, Oldendorff has also submitted documentary evidence to the New York panel demonstrating the amount of damage to the vessel.

These exhibits were marked for identification only at the time they were submitted to the New York panel, with the understanding that, should the panel decide they need to review those documents in connection with a decision on damage to the vessel under the COA, the issue of whether the documents should be moved into evidence would be revisited. (New York Arbitration Tr. Dec. 18, 2009 at 2034-48.) The sufficiency of Oldendorff's evidence on damages is an issue currently before the New York arbitration panel and an issue that goes to the merits of Oldendorffs claims about which this Court will not opine.

Were this Court to grant Sidor's motion and the New York panel determined to take evidence of vessel damage in the New York arbitration or award damages based on the London arbitration, Oldendorff would be left without security for any award in its favor.

For the foregoing reasons, Defendant Sidor's application to reduce the amount of security is denied. The parties are directed to promptly advise the Court of the New York arbitration panel's decision on Sidor's request for a partial final award within one week of the issuance of a decision.

IT IS SO ORDERED.

Dated: New York, New York
January 28, 2009

Robert P. Patterson, Jr.

U.S.D.J.

Copies of this order were faxed to:

Richard V. Singleton
Blank Rome LLP
405 Lexington Ave.
New York, NY 10174
Fax: 212-885-5001

Alan Heblack / John A. Anduiza
Squire, Sanders & Dempsey L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Fax: 212-872-9815